**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Robert Huacuja,<br><br>  Plaintiff,<br><br>– against–<br><br><br>Chase Bank USA, N.A., Trans Union, LLC and Equifax Information Services, LLC,<br><br>  Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Robert Huacuja (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Chase Bank USA, N.A. ("Chase"), Trans Union LLC ("Transunion") and Equifax Information Services, LLC ("Equifax"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Robert Huacuja, is an adult citizen of the state of Mississippi domiciled in Picayune, MS.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Chase is a corporation business entity organized and existing pursuant to the laws of the State of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 201 North Walnut Street, Wilmington, DE 19801.

5. Defendant Transunion is a limited liability company organized and existing pursuant to the laws of the State of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

6. Defendant Equifax is a limited liability company organized and existing pursuant to the laws of State of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 1550 Peachtree St., Atlanta, GA 30309.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

9. Defendant Chase issued three credit card accounts ending in 4609, 2053 and 1652 to Plaintiff. These accounts were routinely reported on Plaintiff's consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about May 30, 2014, Chase issued a 1099-C discharging $1,922.65 on Plaintiff's account ending in 4609, another 1099-C discharging $14,221.12 on Plaintiff's account ending in 2053 and a third 1099-C for Plaintiff's account ending in 1652 in the amount of $4,229.21. Copies of the 1099-Cs are attached hereto as Exhibit A.

12. However, over two years later, these accounts continue to be negatively reported.

13. In particular, on a requested credit report dated September 13, 2016, the account ending in 4609 was reported with a status of "CHARGE OFF," a balance of $2,431.00, and a past due balance of $2,431.00. The account ending

in 2053 was reported with a status of "CHARGE OFF," a balance of $16,391.00, and a past due balance of $16,391.00. Lastly, the account ending in 1652 was reported with status of "CHARGE OFF," a balance of $5,639.00, and a past due balance of $5,639.00. The relevant portion of Plaintiff's September 2016 credit report is attached hereto as Exhibit B.

14. The trade lines were inaccurately reported as evidenced by the attached 1099-C for each account. Each of the debts associated with the aforementioned accounts was discharged, has a balance of $0 and accordingly, should be reported as such.

15. Plaintiff notified Defendants directly of a dispute regarding the Chase accounts' completeness and/or accuracy. This letter and the certified mail receipts are attached hereto as Exhibit C.

16. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Chase to the Consumer Reporting Agencies, Equifax and Transunion, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

17. On or about November 17, 2016, Plaintiff requested an updated credit report for review. The trade lines for the Chase accounts in question remained mostly the same as the September 13 2016 credit report, as Chase failed to correct the inaccuracy. The only correction made was by Trans Union which is now properly reporting Plaintiff's Chase account ending in 2053 with a $0 current and past due balance. However, Trans Union and Equifax failed to properly

update the other disputed accounts. The November 2016 credit reports are attached hereto as <u>Exhibit D</u>.

18. Upon information and belief, Equifax and Transunion did not notify Chase of the dispute by Plaintiff in accordance with the FCRA.

19. Alternatively, if Equifax or Transunion did notify Chase, Chase failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

20. If Chase did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Chase accounts would have been updated to reflect the aforementioned accounts/debts as discharged with a $0 balance.

21. Despite the fact that Chase has promised through its subscriber agreements or contracts to accurately update accounts, Chase has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow or adhere to this requirement as well as the requirements set forth under the FCRA, resulting in the intended consequences of this information remaining on Plaintiff's credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report concerning the account in question, thus violating the FCRA. These FCRA violations occurred before, during, and after the dispute process began with Equifax and Transunion.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and

course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

27. Transunion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

28. Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. Chase is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

31. Chase failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

32. Chase failed to update Plaintiff's credit report and/or notify the credit bureaus that the Chase account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

33. Defendants failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

34. Equifax and Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

35. Equifax and Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

36. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $55,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*